(Reap. Dec. 9703)

FRANK P. DOW, INC. *v.* UNITED STATES

Entry No. 1128.

(Decided May 10, 1960)

*Stein & Shostak* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant

WILSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation entered into between counsel for the parties herein:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise covered by the Appeal for Reappraisement set out in the attached Schedule:

1. That the merchandise covered by this Appeal was exported from Japan on or about August 20, 1958.

2. That the merchandise covered by this case is not on the final list of articles published by the Secretary of the Treasury in T.D. 54521, on which valua-

tion under the Tariff Act is made on the basis of Section 402 of said Act as originally enacted; that the merchandise covered by the entry the subject of this Appeal, not being on said list, is subject to appraisement under Section 402 as modified by the Customs Simplification Act of 1956, which became effective February 28, 1958, prior to the date of the entry the subject of this Appeal.

3. That at the time of exportation to the United States of the merchandise covered by this Appeal, the prices at which such or similar merchandise was sold and freely offered for sale to all purchasers in the principal market of the country from which exported in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of the containers or coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States were the invoiced unit values, ex-factory, as entered.

IT IS FURTHER STIPULATED AND AGREED that the Appeal for Reappraisement set out in the attached Schedule may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts, I find and hold the export value, as that value is defined in section 402(d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were the invoiced unit values, ex-factory, as entered.

Judgment will be rendered accordingly.